# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| DOUGLAS J. GOING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil no. 2:14-cv-00031-NT |
| v. | ) |
| | ) |
| ALAYNA LAPREL, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER ON MOTION FOR CLARIFICATION

On January 27, 2014, a document was filed naming Douglas J. Going as a plaintiff against Alayna J. Laprel (Individual) defendant, along with many other defendants, including several state court justices. Mr. Going also filed a document titled "Notice of Case Removal" which referenced a York County Superior Court Docket No. RE-11-165 and Supreme Judicial Court Docket No. YOR-13-415.

After considerable review by the Clerk's Office, it was determined that the matter was a new civil rights complaint and not a notice of removal, as no state court records were filed. At the request of Mr. Going, and after payment of the filing fee, summons were issued by the Clerk's Office for seven of the named defendants.

On February 6, 2014, Mr. Going submitted a letter to the Court which has been construed as a motion for clarification. Mr. Going feels that there has been a "clerical or procedural error" with respect to the filing of this case. It appears from this record that the Clerk's Office did their best to interpret the filings, taking into

account that Mr. Going listed himself as a plaintiff on the document filed. If his intent is, instead, to remove the state court action(s) and file a counterclaim to the claims stated therein, then Mr. Going must comply with 28 U.S.C. § 1446(a) and file "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." In stating his grounds for removal, Mr. Going must explain why this Court has jurisdiction over the subject matter of the state court litigation. Title 28 U.S.C. § 1441 only authorizes the removal of a state court action to federal court if it is an action "of which the district courts of the United States have original jurisdiction."

With regard to the jurisdictional question, federal courts are courts of limited jurisdiction, and there is no jurisdiction in this Court to grant Mr. Going relief in connection with an ongoing state court proceeding. *Younger v. Harris*, 401 U.S. 37 (1971) (instructing federal courts not to interfere in ongoing state court litigation); *Rossi v. Gemma*, 489 F.3d 26, 34-35 (1st Cir. 2007) (explaining that *Younger* abstention "is appropriate when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge."). *See also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Coles v. Reid-Coles*, No. 2:11-cv-00219-GZS (D. Me. Nov. 2, 2011) (Mag. J. report and recommendation), *adopted over objection* (Dec. 13, 2011) (explaining that parties to state court proceedings must raise objections based on the federal

Constitution in the state proceedings and, if dissatisfied with the ruling, pursue their objections in appeals to the state appellate courts and, thereafter, in petitions for certiorari to the United States Supreme Court). If Mr. Going's intent is simply to have this Court overrule orders entered in matters currently pending before the state courts, that course of action is destined to fail.

Mr. Going should also review 28 U.S.C. § 1446(b) and note that the deadline for requesting removal is 30 days from the receipt of the complaint in the state court action. Although it is not perfectly clear from his current pleadings, by all appearances Mr. Going is seeking to remove one or more state court actions well beyond the 30-day deadline. There are exceptions to this deadline, but one is not evident in the current pleadings.

Lastly, Mr. Going should understand that the state court justices he names as defendants have absolute immunity from civil damages actions so long as they act within their judicial capacity. "This immunity applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive." *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989). As for the other defendants, who may or may not be the opposing parties and/or counsel in the state court proceeding(s), an opposing party enjoys an "absolute privilege" against civil liability for the content of her allegations and the testimony provided in the course of legal proceedings, *see Dineen v. Daughan*, 381 A.2d 663, 664 (1978); *Restatement (Second) of Torts* §§ 587 (parties) & 588

(witnesses) (1977), and counsel enjoy a similar privilege in connection with advocacy in pending litigation, *Dineen*, 381 A.2d at 664-65.

If Mr. Going elects to proceed with this matter, either through removal or by filing an independent action against the named defendants, he will be subject to compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court. Mr. Going is to notify the Court, on or before February 24, 2014, how he intends to proceed.

**SO ORDERED**.

/s/Nancy Torresen
District Judge

Dated this 10th day of February, 2014.