UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DOUGLAS J. GOING,                )
                                 )
         Plaintiff               )
                                 )
v.                               )    No. 2:14-cv-31-NT
                                 )
ALAYNA J. LAPREL, et al.,        )
                                 )
         Defendants              )

# RECOMMENDED DECISION ON MOTIONS TO DISMISS

Nine of the 10 remaining[1] named defendants in this *pro se* action alleging various constitutional, statutory, and common law claims have moved to dismiss all claims asserted against them. I recommend that the motions be granted.

## I.    Applicable Legal Standard

Most of the motions are based on the assertion that the complaint fails to state a claim upon which relief may be granted, thus invoking Federal Rule of Civil Procedure 12(b)(6).

The Supreme Court has stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal punctuation omitted). This standard requires the pleading of "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads

---

[1] The eleventh original defendant, Judy Boutillette, has been dismissed at the plaintiff's request. ECF No. 17.

1

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss under Rule 12(b)(6), a court assumes the truth of all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Román-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 45 (1st Cir. 2011). Ordinarily, in weighing a Rule 12(b)(6) motion, "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). "There is, however, a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id.* (citation and internal quotation marks omitted).

## II. Defendants Laprel and Smith

A complaint dated January 27, 2014, alleges that Defendant Alayna J. Laprel is the plaintiff's cousin. [First Complaint] (ECF No. 1) at 2. It alleges that she "has various lots of land" and did something unspecified "unbeknownst to Sara [sic] Going" with Richard Going and Dorothy Going. *Id*. It next alleges that Laprel "had numerous arguments with Sarah about Alayna buying the land off her Uncle and Aunt!" *Id*. at 3.

Under the heading "Counts: I, IV, V and Count IX," the First Complaint lists Laprel and Smith, among others. *Id*. The next allegation mentioning either is an assertion that "Alayna then without the knowledge of Sarah, Doug POA and Sarah's lawyer went and bought Richard [Going]'s interest in 300 Log Cabin R[oa]d without her consent." *Id*. The next mention of either of these defendants is the following: "Alayna Laprel and Neal Smith roped off 300 Log Cabin Rd

2

with a sign that said (Owners) some months [b]efore Laprel, Smith and Going's one of [sic] a land transaction!" *Id*. at 4.

The First Complaint appears to assert that the plaintiff has "[g]ive[n] Alayna and Neal a right to due process and answer the affidavit." *Id*. Then, "Alayna and Neal [d]efaulted! Liens were put on at the Secretary of State's office and Registry [o]f Deeds!" *Id*. at 5.

In the caption of the First Complaint, the "counts" under which Laprel and Smith are listed are identified as follows: Count I, "THEFT BY DECEPTION"; Count IV, "18 USC 241 CONSPIRACY AGAINST THE RIGHTS OF CITIZENS," Count V, "TITLE 18 US CODE 1983 DEPRIVATION OF RIGHTS – MULTIPLE HUMAN, CONSTI[TU]TIONAL(S), CIVIL," and Count IX, "OBSTRUCTION OF JUSTICE." *Id*. at 1.

A complaint dated February 20, 2014, was filed on February 24, 2014. ECF No. 8-1. The defendants who have filed motions to dismiss have treated this as an amended complaint, and the court will do so as well. *See* Fed. R. Civ. P. 15(a)(1). The amended complaint repeats the allegation that Defendant Alayna Laprel is the plaintiff's cousin and adds an allegation that Defendant Neal Smith is the husband of Alayna Laprel. Amended Complaint at 2. It alleges that "Alayna had numerous arguments with Sarah [Going] about Alayna buying the land off her Uncle and Aunt!" *Id*. at 3. The next allegation involving either of the moving defendant is that "Alayna then without the knowledge of Sarah, Doug POA and Sarah's lawyer went and bought Richard [Going]'s [i]nterest in 300 Log Cabin Rd without her consent." *Id*.

The next such allegation is that "Alayna Laprel and Neal Smith roped off 300 Log Cabin Rd with a sign that said (Owners) some months [b]efore Laprel, Smith and Going's one of [sic] a land transaction!" *Id*. at 4. And then, "Which Alayna and Neal [v]indictively sought vindication for emotional, economic and social gain." *Id*. Finally, under the heading "Counts Addendum,"

the final page of the amended complaint states: "Alayna Laprel and Neal Smith: Counts I, II, and III." *Id.* at [9]. In the caption of the amended complaint, these counts are listed as follows: count I, "CONSPIRACY TO COMMIT FRAUD"; Count II, "FRAUD"; Count III, "TITLE 18 US CODE 1983-241[,] RIGHTS OF CITIZENS." *Id.* at 1.

Laprel and Smith assert as the first ground for their motion to dismiss that the amended complaint "is gibberish and, as such, fails to state a claim upon which relief can be granted." Motion to Dismiss ("Laprel Motion") (ECF No. 19) at 1. Pleadings filed by unrepresented parties are subject to less stringent standards than those filed by lawyers, *Trefry v. Tracy*, No. 1:14-cv-00044-NT, 2014 WL 2154263, at *5 (D. Me. May 22, 2014), but *pro se* litigants are not relieved of the duty to plead claims with an appropriate degree of specificity. *See, e.g., Kafele v. Lerner, Sampson & Rothfuss, L.P.A.,* 161 Fed.Appx. 487, 491, 2005 WL 3528921, at **3 (6th Cir. Dec. 22, 2005). It appears that the plaintiff intended the caption of the amended complaint to state his specific claims against all of the named defendants. Nonetheless, fraud and conspiracy to commit fraud, even when alleged by a *pro se* litigant, must be pleaded with particularity, Fed. R. Civ. P. 9(b). *See, e.g., Traylor v. Partnership Title Co.*, 491 Fed. Appx. 988, 990, 2012 WL 4901506, at **1 (11th Cir. Oct. 17, 2012) (*pro se* fraud complaint must allege details, timing, and participants in allegedly fraudulent acts). However generously read, the amended complaint cannot reasonably be construed to meet this standard, which "requires the Plaintiff to be specific about the time, place and content of an alleged false representation." *Murtagh v. St. Mary's Regional Health Center*, No. 1:12-CV-00160-NT, 2013 WL 5348607, at *6 (D. Me. Sept. 23, 2013).

With respect to Count III, claims asserted under 42 U.S.C. § 1983[2] are required to include

---
[2] The amended complaint cites "18 U.S. Code 1983-241," Amended Complaint at 1, a statute that does not exist. I assume that the plaintiff means to invoke 42 U.S.C. § 1983, pursuant to which claims of deprivation of constitutional and statutory rights may be brought in federal court. If the plaintiff meant to invoke 18 U.S.C. § 241, charges under that criminal statute may only be brought by duly appointed prosecutors, not by private individuals.

4

an allegation of state action, that is, that the defendant was acting under color of state law when the violation was committed. *Bard v. Smith*, Civil No. 8-193-P-S, 2008 WL 2875348, at *3 (D. Me. July 23, 2008). I doubt that any of the plaintiff's allegations against Laprel or Smith are sufficient to assert that they acted under color of state law, as that term has been interpreted by the federal courts, in connection with the events giving rise to his claim, but the motion to dismiss is not based on this requirement. Laprel and Smith instead invoke the doctrine of *res judicata*. Laprel Motion at 2-3.

*Res judicata* is an affirmative defense, and the burden to establish it is, thus, on the defendant invoking it. *In re Game Tracker, Inc.*, 799 F.Supp.2d 102, 109-10 (D. Me. 2011).

> The general rule of res judicata applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.

*Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591, 597 (1948) (citations and internal quotation marks omitted).

Here, the defendants proffer complaints in two state-court proceedings in support of their argument. The complaint in the second action, *Douglas J. Going v. Neil Smith [and] Jens Peter Bergen*, Superior Court (Cumberland County), Docket No. CV-13-277 (Exhibit 5 to Laprel's Motion, ECF No. 19-5), which alleges wrongful use of civil proceedings and related infliction of emotional distress, does not meet this standard. Nor does the complaint in the first action, which was filed by Alayna Laprel and Neal Smith against Douglas J. Going, which seeks to quiet title to

5

the real property that apparently underlies the current action, and alleges libel, slander, and negligent infliction of emotional distress. Exhibit 1 to Laprel Motion (ECF No. 19-1). The current plaintiff's allegations of deprivation of his constitutional rights could not have been offered as a defense in that action, nor would evidence thereof have been offered to defeat the claims made against him. *See Sunnen*, 333 U.S. at 597-98 ("But where the second action between the same parties is upon a different cause or demand, the principle of res judicata is applied much more narrowly. In this situation, the judgment in the prior action operates as an estoppel, not as to maters which might have been litigated and determined, but only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.") (citation and internal quotation marks omitted).

That leaves the question of the sufficiency of the plaintiff's pleading of a cause of action under section 1983 against Laprel and Smith. Again, the amended complaint cannot reasonably be read to allege that these defendants were state actors in the actions that are alleged to have deprived the plaintiff of his constitutional rights. For this reason, the moving defendants are entitled to dismissal of Count III, as it is alleged against them.

### III. Defendants Gorman, Humphrey, Kennedy and Brodrick

Defendant Ellen Gorman is a justice of the Maine Supreme Judicial Court. Defendants Thomas Humphrey, Mary Gay Kennedy, and William Brodrick are all justices of the Maine Superior Court. The amended complaint refers to them as "hearing examiners," perhaps because he believes that they are not truly judges because they cannot produce their "commissions." Amended Complaint at 7-8. He lists Counts III, IV, and V as being asserted against them. *Id*. at 7. Those counts are entitled "TITLE 18 U.S. CODE 1983-241 RIGHTS OF CITIZENS" (Count III); "TITLE 18 U.S. CODE 1983-242 DEPRIVATION OF RIGHTS-MULTIPLE HUMAN,

CONSTI[TU]TIONAL(S), CIVIL" (Count IV); and "MIXED WAR AGAINST THE CONSTITUTION (1820 ORIGINAL MAINE CONSTITUTION)" (Count V). *Id*. at 1.

Specifically, the amended complaint alleges that the plaintiff "was denied the right of knowledge of jurisdiction and laws applicable. Denial of the Constitutions, taking the power from the people and enforcing state Maine Rules of Civil Procedure: Roman Civil Law! Mixed war against the Constitutions acting in individual capacity masking Official Capacity as Constitutional Justices per via Article 9 Section III, 1820 Original Maine Constitution." *Id*. at 8. Even if this language stated a cognizable claim against one or more of these judicial defendant, which it does not, there is no legal claim for "mixed war against the constitution."

It is also true of that claim, as it is of the other claims asserted against these judicial defendants, that it arises out of each defendant's conduct of his or her official duties. This is not apparent from the amended complaint itself, but is apparent from the plaintiff's Memorandums of Law in Opposition to Defendants' Motion to Dismiss the Complaint (Douglas J. Going, Plaintiff, v. Thomas Humphrey, Ellen Gorman, Mary Kennedy, William Brod[]rick, Et al) (ECF No. 31). Judges are absolutely immune from all claims arising from actions taken in their judicial capacity. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (federal law); *Tobin v. Cuddy*, No. 1:14-cv-00014-DBH, 2014 WL 2968102, at * 2 (D. Me. Apr. 24, 2014); *Richards v. Ellis*, 233 A.2d 37, 38-39 (Me. 1967) (Maine state law). This immunity extends to actions alleged to result from improper or malicious motives. *Scott v. Central Maine Power Co.*, 709 F.Supp. 1176, 1181 (D. Me. 1989).

The motion of the judicial defendants to dismiss the claims asserted against them should be granted.

## IV. Defendant Bergen

Defendant Jens Peter Bergen is a lawyer who represented Neal Smith and Alayna Laprel in the lawsuit in the Maine Superior Court (York County) mentioned above. Like defendants Smith and Laprel, he contends that the resolution of a state court action bars the plaintiff's current action against him under the doctrine of *res judicata*. Motion to Dismiss of Defendant Jens Peter Bergen ("Bergen Motion") (ECF No. 22) at 2-3. He also argues that the complaint fails to state a claim upon which relief may be granted and should be dismissed for failure to comply with the pleading requirements of Fed. R. Civ. P. 8(a). *Id*. at 1, 3-4.

The amended complaint presses Counts III, IV, and V against Bergen. Amended Complaint at 5. It alleges that he

> conspired with State Actors to violate the petitioner's rights from the section of [t]he illegal trial {after he called his first witness} and on appeal! An illegal Legalese Vortex captivated [b]y State Actors with Certificates for permission and authority administrate law if contracted! This petitioner never contracted! Bergen used an illegal jurisdiction not approved by the People of Maine according to the 1820 Original Constitution.

*Id*. This appears to be an assertion that any and all practice of civil law in the Maine state courts violates the Maine Constitution. Merely to state the proposition demonstrates its absurdity.

The amended complaint fails to state a claim against Bergen upon which relief may be granted. As to Count III, which appears from its caption to allege violation of unspecified "rights of citizens," Amended Complaint at 1, the amended complaint makes the necessary allegation under 42 U.S.C. § 1983 that Bergen, a private party, "conspired with State Actors," *id*. at 5. *See, e.g., Veale v. Keene Publ'g Corp*., 181 F.3d 81 (Table), 1999 WL 525941, at *1 (1st Cir. May 11, 1999). However, the amended complaint does not allege a violation of any specific recognizable

constitutional or statutory right of the plaintiff, let alone of "citizens" in general. Even with the benefit of liberal construction in the plaintiff's favor, Count III of the amended complaint cannot reasonably be read to allege a cognizable claim against Bergen.

Count IV, which purports in its caption to allege deprivation of "rights – multiple human, consti[tu]tional(s), civil," Amended Complaint at 1, suffers from the same inadequacies with respect to Bergen. Count V ("MIXED WAR AGAINST THE CONSTITUTION") does not allege a claim upon which relief may be granted for the reasons discussed above in connection with the same count as alleged against the judicial defendants.

Bergen is entitled to dismissal of the claims asserted against him in the amended complaint.

## V. Defendants Fredrick C. Going and Richard O. Going

Defendants Fredrick C. Going and Richard O. Going join in the motions of Defendants Laprel and Smith and Bergen. Defendant Fredrick C. Going & Richard O. Going's Motion to Dismiss (ECF No. 35). The amended complaint asserts that Counts I, II, and III are asserted against Richard O. Going and Count I and III against Fredrick Going. Amended Complaint at [9].

These moving parties have thus raised the same arguments as those raised by Laprel, Smith, and Bergen. Counts I and II are no more adequately pled against these defendants than they were against Laprel and Smith. The amended complaint does not allege that the moving defendants, both private parties from all that appears, worked in concert with any state actors, a required element of a claim under 42 U.S.C. § 1983 under the circumstances of this case.

The motion to dismiss filed by these defendants should be granted.

## VI. Conclusion

For the foregoing reasons, I recommend that the motions to dismiss filed by all defendants other than Louis Ray Going (Docket Nos. 19, 20, 22, and 35) be **GRANTED**. If the court adopts

9

this recommendation, the following filings on the docket will be rendered **MOOT**: ECF Nos. 26, 37, 41, 45, 54.  Remaining for resolution will be the claims asserted against Louis Ray Going.

*NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 29th day of September, 2014.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge